**SIGNED THIS: December 28, 2006**

_____
**WILLIAM V. ALTENBERGER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD B. DEAN and BRENDA S. DEAN, | ) | No. 05-83242 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| RICHARD B. DEAN and BRENDA S. DEAN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 06-8031 |
| | ) | |
| GLOBAL FINANCIAL CREDIT, LLC, | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the motion of the Defendant, Global Financial Credit, LLC ("Global"), to dismiss the Adversary Complaint for Violation of the Automatic Stay filed by Richard B. Dean and Brenda S. Dean ("Debtors"). Global asserts that the Complaint should be dismissed for the following reasons: (1) the Debtors' claim for violation of the automatic stay is not properly brought as an adversary proceeding because it does not fit within any of the proceedings enumerated

in Federal Rule of Bankruptcy Procedure 7001; (2) the Chapter 13 Trustee is the appropriate party to seek the relief sought by the Debtors; (3) the Complaint seeks to have the Defendant held in contempt of court, but cites no order of this Court violated by the Defendant; and (4) the Complaint fails to allege that the Debtors' personal injury claim is or was an asset of the estate or that Global committed any of the acts enumerated in Section 362(a)(1) through (7).  For the reasons set forth below, Global's Motion to Dismiss is denied.

The facts stated herein are taken from the Debtors' Complaint and the petition and schedules filed in the bankruptcy case pending in this Court.  The Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on July 1, 2005.  In their petition, the Debtors listed Global on Amended Schedule F as an unsecured creditor holding a claim in the amount of $72,620 for a contingent "unsecured loan on personal injury recovery/Rock Island Co. Case No. 03 LM 77."[1] Apparently, the Debtors had received pre-settlement funding of a personal injury claim from Global; however, the details of this arrangement are not part of the record presently before the Court.  On July 5, 2005, the Debtors' attorney sent Global a letter advising that the Debtors had filed a petition for relief under Chapter 13 on July 1, 2005, and requesting copies of documents relating to the loan.

The Debtors' original and first amended Chapter 13 plans provided that any funds received from the personal injury lawsuit, less statutory exemption amounts, payment of attorneys' fees, and liens on the proceeds, would be turned over to the Trustee.  The Debtors subsequently settled the personal injury lawsuit.[2]  On December 12, 2005, the Debtors' personal injury attorney sent Global a check for $43,000.  On January 9, 2006, the Debtors filed a Second Amended Chapter 13 plan,

---

[1] In their original schedules, the Debtors listed Global as holding a secured claim, but later amended their schedules on September 29, 2005 to list Global as an unsecured creditor.

[2] The actual date of the settlement is not reflected in the record before the Court.

2

which provides:

> Since the filing of Debtors Chapter 13 plan, Debtors have settled the lawsuit in Rock Island Co. Case No. 03 L 77, and have received approximately $100,000 less their statutory exemption amounts, payment of attorneys' fees, and liens on the proceeds. The funds necessary to pay off the Chapter 13 plan in full will be turned over to the Chapter 13 Trustee on confirmation of Debtor's [*sic*] plan.

The same day, the Debtors' attorney wrote a second letter to Global requesting Global to turn over the funds to the Chapter 13 Trustee and advising Global that its receipt of the funds was a violation of the automatic stay. Global did not return the funds.

The Debtors' Second Amended Chapter 13 plan was confirmed on January 25, 2006. The next day, the Debtors filed an Adversary Complaint alleging that Global's conduct constituted a willful violation of the automatic stay and seeking actual damages of $43,000 for the alleged stay violation, and punitive damages, reasonable attorneys' fees and court costs for contempt of court under section 362(h) of the Bankruptcy Code.[3] In response, Global filed its current motion to dismiss the Complaint. A hearing was held, and the Court took the matter under advisement.

In its motion to dismiss, Global first argues that the relief sought in the Debtors' Adversary Complaint for Violation of the Automatic Stay does not fall within any of the proceedings enumerated in Federal Rule of Bankruptcy Procedure 7001 and, therefore, is not properly brought as an adversary proceeding. Generally, disputes that arise in bankruptcy cases can be divided into three categories: (1) administrative matters, in which there is no adversary party; (2) contested matters, which are governed by Federal Rule of Bankruptcy Procedure 9014, and (3) adversary proceedings, as defined by Federal Rule of Bankruptcy Procedure 7001, which are governed by the

---

[3] Section 362(h) was re-designated as Section 362(k) as part of BAPCPA. However, these changes are not applicable to the present case because the Debtors filed their bankruptcy petition before the October 17, 2005, effective date of BAPCPA. All citations to Section 362(h) will be to the pre-BAPCPA version unless otherwise noted.

3

rules of procedure in Part VII of the Federal Rules of Bankruptcy Procedure.  10 *Collier on Bankruptcy* ¶ 9014.01, p. 9014-2 (Alan N. Resnick & Henry J. Sommer eds., 15th ed.rev.).  An adversary proceeding is essentially a separate lawsuit within the context of a bankruptcy case and has all of the attributes of a lawsuit, including due process service requirements as well as application, with some adaptation, of the Federal Rules of Civil Procedure.  Rule 7001 sets forth ten matters that must be brought as adversary proceedings, including, with exceptions not relevant in this case, a proceeding to recover money or property.  FED. R. BANKR. P. 7001(1).

Adversary proceedings are believed to involve more complex issues affecting substantial rights of the debtor, its creditors, and third parties.  *In re Riding*, 44 B.R. 846, 858 (Bankr.D.Utah 1984).  An adversary proceeding has a more formal procedural framework than a contested matter, with more stringent rules of evidence applicable.  *In re Dunmore*, 262 B.R. 85, 87 n.1 (Bankr.N.D. Cal. 2001).  Adversary proceedings have been described as "full blown federal lawsuits within the larger bankruptcy case."  *See Matter of Wood and Locker, Inc.,* 868 F.2d 139, 142 (5th Cir. 1989).

Any matter involving adversary parties not covered by Rule 7001 is a contested matter under Federal Rule of Bankruptcy Procedure 9014.  Unlike an adversary proceeding, a contested matter is initiated by the filing of a motion for relief rather than a complaint.  *Compare* FED. R. BANKR. P. 7001 and 7003 (requiring the filing of a complaint to commence an adversary proceeding) *with* FED. R. BANKR. P. 9014 (stating that relief in a contested matter is requested by motion).  While no summons is issued and served upon the "defendant" in a contested matter, service of a pleading initiating a contested matter is made in the same manner as service of a summons and complaint in an adversary proceeding.  FED. R. BANKR. P. 9014(b).  As a general rule, damages are not available in a contested proceeding.  *In re Lawler*, 106 B.R. 943, 957 (N.D.Tex. 1989).  Because many

contested matters are unopposed, the responding party is given an opportunity to file a response or objection within a certain period of time. If a response is filed, the court will set a hearing; however, if no response is filed, the motion is granted after the response period has passed. Accordingly, the contested matter process provides due process in a streamlined and efficient manner. *In re Sadala*, 294 B.R. 180, 183 (Bankr.M.D.Fla. 2003). Contested matter proceedings are generally believed to be better suited to relatively uncomplicated disputes that can be adjudicated summarily. *See Riding*, 44 B.R. at 858. Additionally, Rule 9014 governing contested matters adopts many of the rules applicable to adversary proceedings set forth in Part VII of the Bankruptcy Rules, including many of the discovery provisions, and allows for the specific designation or adoption of yet more on order of the bankruptcy court. *In re Vance*, 120 B.R. 181, 192 (Bankr.N.D.Okla. 1990); *see also* FED. R. BANKR. P. 9014; *In re Fuller*, 255 B.R. 300, 304 (Bankr.W.D.Mich. 2000).

The main difference between an adversary proceeding and a contested matter is that an adversary proceeding must be commenced by the filing and service of a complaint that meets specific notice and formatting requirements and which must be accompanied by a summons directed to the named defendant. FED. R. BANKR. P. 7003, 7004, 7008-7010; *Fuller*, 255 B.R. at 304.

In its written motion to dismiss, Global argues that "[t]he [Debtors] Complaint for Violation of the Automatic Stay does not fall within any of the proceedings enumerated in Rule 7001." During the hearing, Global asserted that the Debtors are not seeking recovery of money or property for the benefit of the bankruptcy estate, but are rather seeking, in effect, to recover only sanctions for alleged contempt, which can be in the form of money or other appropriate relief, and would not fall under a proceeding to recover money or property as contemplated by Rule 7001(1). However, in Paragraph 17 of their Complaint, the Debtors allege that they have suffered actual damages in the amount of

$43,000 and in their prayer for relief they request recovery of actual damages of $43,000 for Global's alleged violation of the automatic stay, as well as punitive damages (which are available in "appropriate circumstances" under the express language of Section 362(h)). This allegation is sufficient to bring the claims within the purview of Rule 7001(1).[4]

Several courts have held that if a party seeks recovery of damages and/or punitive damages, this falls within Rule 7001(1) and the matter should be brought as an adversary proceeding. *See, e.g., Matter of Rimsat, Ltd.*, 208 B.R. 910, 913 (Bankr.N.D.Ind. 1997) (holding that since proceedings seeking to remedy a claimed violation of the automatic stay almost always seek money, property or injunctive relief, such matters are required to be brought as adversary proceedings); *In re Wyatt*, 173 B.R. 698, 704 (Bankr.D.Idaho 1994) (action to collect punitive damages for violation of automatic stay should be brought by way of an adversary proceeding); *see also In re Irby*, 321 B.R. 468, 470-71 (Bankr.N.D.Ohio 2005) (dismissing contested matter proceeding without prejudice because debtor's request for injunctive relief and punitive damages falls squarely within the realm of those actions that require commencement of an adversary proceeding and creditor timely objected to proceeding on motion); *In re McDonald*, 265 B.R. 3 (Bankr.D.Mass. 2001) (stating that the broad language of Rule 7001(1) permits debtors to bring litigation to recover money for a violation of the automatic stay as an adversary proceeding, and even if the court is in error on this point, the court would be within its discretion under Rule 9014 to order that all the adversary rules in Part VII of the bankruptcy rules would apply in this matter).

Even assuming that the Debtors' claims do not fit within any of the matters listed in Rule 7001, other courts have held that it is not *per se* improper to bring a matter not listed in Rule 7001

---

[4] The Court is looking solely at the allegations in the pleadings and expresses no opinion on the merits of the Debtors' claims.

6

as an adversary proceeding. The bankruptcy court in the Central District of California rejected as not persuasive the defendant's argument that a claim for relief based on contempt should be dismissed because it should have been brought as a motion and not as an adversary proceeding. The court observed that an adversary proceeding provides the parties with more, not less, procedural protections than are available in a contested matter. *In re Wagner*, 87 B.R. 612, 619 (Bankr.C.D.Cal. 1988). The court further stated that while a request for a finding of contempt may be brought by motion, neither the Bankruptcy Code or the Rules mandates it. *Id*. Another court in the Northern District of California noted in dictum in a footnote that it was not aware of any case voiding a judgment in an adversary proceeding because it should have been litigated as a contested matter. *Dunmore*, 262 B.R. at 87. The court further stated that it is not *per se* improper to bring a dispute not listed in Rule 7001 as an adversary proceeding since no one should complain that they are given more than the minimum required for procedural fairness. *Id*.

The Court also finds instructive the case law addressing the reverse of the issue raised by Global in this proceeding: whether the court should dismiss a claim of stay violation brought as a contested matter because it should have been brought as an adversary proceeding. When faced with this question in the context of a stay violation, some courts have found that a sanctions request for a willful violation of the automatic stay under Section 362(h) is not included in Rule 7001 and could not be logically implied as being within Rule 7001. *In re Zumbrun*, 88 B.R. 250, 252 (9th Cir.BAP 1988); *see also In re Fas Mart Convenience Stores, Inc.*, 318 B.R. 370, 374 (Bankr.E.D.Va. 2004). But the courts also concluded that no due process violations existed requiring dismissal because Rule 9014 requires that the "motion be served in the manner provided for service of a summons and complaint by Rule 7004" and therefore, the same due process requirements are applicable to both adversary proceedings under Rule 7004 and contested matters under Rule 9014. *Zumbrun*, 88 B.R

7

at 252. Likewise, there is no deprivation of procedural rights as a result of the matter being heard on a motion as opposed to a complaint since the parties will have full opportunity to conduct discovery, present witnesses and other evidence and argue the merits of the case. *Fuller*, 318 B.R. at 374.

Other courts have applied a harmless error analysis and concluded that even if bringing a claim for violation of the automatic stay by motion rather than complaint is erroneous, such error is harmless. *See, e.g., In re Munoz*, 287 B.R. 546, 551 (9th Cir.BAP 2002) (error in proceeding as a contested matter found harmless when the record was developed to such a sufficient degree that the record of an adversary proceeding would not have been materially different); *In re Beta Intern., Inc.*, 210 B.R. 279, 282 (E.D.Mich. 1996) (failure to utilize an adversary proceeding was harmless error where there was no material dispute on the facts and the defendant was given ample opportunity to present its legal arguments); *In re Metro Transp. Co.*, 117 B.R. 143, 146 (Bankr.E.D.Pa. 1990) (failure to bring an action as an adversary proceeding was excused where there was a lack of prejudice to the debtor and official unsecured creditors' committee; the debtor and committee had participated in, without objection, the contested matter process; the debtor and committee failed to raise the issue in a jointly submitted brief; and the debtor and committee had acquiesced to the bankruptcy court deciding the motion after settlement negotiations failed).

At the hearing, Global asserted that the issue is one of litigation economics: a contested motion proceeding is a "simpler" proceeding than an adversary proceeding and therefore is less costly to defend. However, Global argued this point generally and did not present any specifics regarding the litigation economics of the case presently before the Court. This Court notes that a plaintiff in an adversary proceeding bears the initial fees for filing the complaint and there is no filing fee for a defendant to file an answer. Moreover, given that many of the Bankruptcy Rules applicable

to adversary proceedings are also made applicable to contested matter proceedings by Rule 9014, including many of the discovery rules relating to interrogatories, requests for production, requests for admission and depositions, and that in either an adversary proceeding or a contested matter, an evidentiary hearing with witnesses will be necessary to resolve the issues if the parties are unable to reach a settlement, there is no showing that Global will bear a significantly greater financial burden as a result of having to defend in an adversary proceeding as opposed to a contested matter proceeding. Accordingly, even if it was error for the Debtors to bring their claim for violation of the automatic stay as an adversary proceeding, such error in this instance is a mere technical violation and therefore harmless. Global is on notice as to the exact claim being made against it and can be given a full opportunity to present all the defenses it has. Global's argument is without merit.

Global next argues that the Debtors are not the appropriate parties to seek the relief provided by Bankruptcy Code Section 362(h)(1); rather, the Trustee is the appropriate party to seek recovery of money or property on behalf of the bankruptcy estate. Section 362(h) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). BLACK'S LAW DICTIONARY defines the noun "individual" as "a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons." BLACK'S LAW DICTIONARY, 696 (5th ed. 1979).

While there is a split of authority whether a trustee in bankruptcy or a corporation are "individuals" for purposes of bringing a claim under Section 362(h), there is no doubt that consumer debtors, such as the Debtors in this case, are "individuals" entitled to pursue a claim under Section

9

362(h). *See, e.g., Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1550 (11th Cir. 1996) (interpreting the term "individual" to include only natural persons); *In re Henry*, 266 B.R. 457, 478 (Bankr.C.D.Cal. 2001) (stating that recovery under section 362(h) is available only to individual debtors); *In re Midway Indus. Contractors, Inc.*, 178 B.R. 734, 738 (N.D.Ill. 1995) (concluding that the term "individual" as used in section 362(h) refers only to natural persons and does not include corporations). Many courts have held that a trustee in bankruptcy is not an "individual" for purposes of bringing an action under Section 362(h) because, while a trustee is an individual, the trustee is suing in a representative capacity on behalf of the estate of the debtor, and therefore cannot be considered an "individual" for purposes of obtaining standing under Section 362(h).

Global asserts that the Debtors are trying to recover the $43,000 for the benefit of the bankruptcy estate. However, a review of the Complaint shows that the Debtors are asking this Court to require Global to comply with the automatic stay provided under the Bankruptcy Code and are seeking the statutorily prescribed remedy for such a violation: actual/compensatory damages (in the amount of $43,000 plus reasonable attorneys' fees) and punitive damages based on Global's violation. Global's argument that the Debtors are not the proper parties to bring an action under Section 362(h) is without merit.

Next, Global asserts that, although the Debtors seek to hold Global in contempt of court, the Debtors do not cite any order of this Court that Global has violated, and therefore the Debtors' Complaint should be dismissed. Specifically, Global asserts that, since there is no order specifying what must be done, no basis exists for the Debtors to seek punitive damages or sanctions based on Global's alleged civil contempt.

Global's argument ignores the fact that the Debtors are seeking relief under Section 362(h) of the Bankruptcy Code, which provides a private right of action for individual debtors, such as the

Debtors in this case, entirely separate from a bankruptcy court's contempt power under Section 105 of the Code. *See* 11 U.S.C. § 362(h); *Henry*, 266 B.R. at 478. Section 362(h) and the contempt power under Section 105 provide separate basis for liability for a violation of the automatic stay. *Henry*, 266 B.R. at 478. Section 362 provides for the recovery of both actual damages and punitive damages for a willful violation of the automatic stay. Section 362 does not by its terms require the entry of a court order for a debtor to enforce the automatic stay. While the Debtors' Complaint does request the Court to enter an order "declaring the Defendant guilty of civil contempt," the Debtors also request an award of "punitive damages, attorneys' fees and costs pursuant to 11 U.S.C. § 362(h) for contempt of court." Thus, it appears that the Debtors are basing their claim on Section 362(h) rather than relying on the Court's contempt powers, despite their use of the term "civil contempt."

In its Reply to Plaintiffs' Amended Response to Motion to Dismiss, Global asserts a new argument not previously raised in its Motion to Dismiss or during the hearing before the Court. Specifically, Global asserts that the Plaintiffs' Complaint should be dismissed because it fails to allege that the Debtors' personal injury claim was, or is, an asset of the estate and fails to allege that Global committed any of the acts enumerated in section 362(a)(1) through (7) of the Bankruptcy Code. This appears to be an argument that the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal is not warranted unless it appears beyond doubt that the plaintiff can establish no set of facts in support of his claim which would entitle him to relief. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690 (7th Cir. 1999).

Federal Rule of Civil Procedure 8(a) provides in pertinent part:

> A pleading which sets for a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a)(2) (applied to bankruptcy proceeding by FED. R. BANKR. P. 7008(a)). The main purpose of a complaint is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

In their Complaint, the Debtors assert that (1) they filed their petition for relief under Chapter 13 of the Bankruptcy Code on July 5, 2005; (2) on that same day, the Debtors' attorney mailed Global a letter informing it of the Debtors' bankruptcy filing, (3) that on December 12, 2005, the Debtors' personal injury attorney sent Global a check in the amount of $43,000; (4) the Debtors believe that Global advised their personal injury attorney that the funds with interest were due to Global; (5) Global received these funds knowing they were barred by the automatic stay; (6) that on January 9, 2006, the Debtor's attorney contacted Global and advised them that they were violating the automatic stay and directed Global to turn the funds over to the Chapter 13 Trustee; (7) as of the date the Debtors filed their Complaint, Global has not returned the funds it received through the Debtors' personal injury attorney; (8) Global's failure to advise the Debtors' personal injury attorney that Global was "stayed" from recovering any funds as a creditor of the Debtors was a violation of the automatic stay.

Global first asserts that the Debtors' do not allege that their personal injury claim was or is an asset of the estate. However, the omission of an element of a claim does not doom a complaint. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (noting that "there is no requirement in

federal suits of pleading the elements of a claim"). "A complaint need only state the nature of the claim; details can wait for later stages." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002). The question on a motion to dismiss is not whether the complaint alleges the right facts or the right law, but whether the complaint gives the defendant notice of the nature of the claim. *See Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000).

In the present case, the Complaint alleges that Global violated the automatic stay by receiving and holding a check for $43,000 from the Debtors' personal injury attorney despite being advised on at least two occasions that it was violating the automatic stay by receiving and refusing to turn over the funds to the Chapter 13 Trustee. Section 541 defines "property of the estate" broadly as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Section 1306 further defines property of the estate in a Chapter 13 case as follows:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title-
>
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 or 12 of this title whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under Chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a). Although, as asserted by Global, the Complaint does not specifically allege that the $43,000 was property of the bankruptcy estate, this is a logical inference given that the Complaint asserts that Global received the funds on December 12, 2005, well after the Debtors had filed their petition for relief on July 5, 2005. Thus, if the Debtors had a property interest in the

$43,000, it would necessarily be property of the estate under Section 1306(a)(2). The Complaint adequately gives Global notice of the nature of the claim.

Global next asserts that the Complaint fails to allege that Global committed any of the acts enumerated in Section 362(a)(1) through (7). Section 362(a) provides that the automatic stay applies to several different actions by all entities, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Complaint alleges that Global informed the Debtors' personal injury attorney that it was entitled to the $43,000. The Complaint further alleges that Global has failed to return the funds despite a request by the Debtors' bankruptcy attorney that Global turn over the funds to the Chapter 13 Trustee to fund the Debtors' Chapter 13 plan. Accordingly, the Complaint sufficiently alleges a violation of the automatic stay under Section 362(a)(3).

See written Order entered this day.

###